# UNITED STATES DISTRICT COURT
for the
District of Maine

| | | |
|---|---|---|
| JENNIFER RUTKA, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Case No._____ |
| | ) | |
| ATSUSHI TAMAKI, | ) | |
| | ) | |
| Defendant | ) | |

**COMPLAINT**

NOW COMES the Plaintiff and complaints as follow:

1. The Plaintiff is a resident of Honolulu, County of Honolulu, State of Hawaii.

2. The Defendant is a resident of Portland, County of Cumberland, State of Maine.

3. The Jurisdiction is properly laid by diversity of citizenship, pursuant to 28 U.S.C. § 1332.

4. The Parties are citizens of different states.

5. The amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

6. At the time of the events described below, the Plaintiff was a minor. She was born on 11/2/1980.

### COUNT I – SEXUAL ASSAULT AND BATTERY

7. The Plaintiff is the adoptive daughter of the Defendant. During the Plaintiff's childhood, the Defendant was married to the Plaintiff's mother, Shinobu.

8. In the mid 1990's, the Plaintiff was living at the homes of the Defendant, located at Blanchard Road and later 4 Balsam Drive, both in Cumberland, ME.

9. The Defendant worked as a lobsterman and sushi maker.

10. The Defendant would take baths with the Plaintiff and her younger sister, Stephanie.  The girls were approximately 5-7 years old at the time.  The Defendant would tell the young girls that they were supposed to "bathe" him.  By that, he meant to stroke his penis until he ejaculated.  Sometimes, he would tell them to stroke harder.  Then, he would ejaculate in the bathtub.

11. Later, after the family moved from Blanchard Road to Balsam Drive, the defendant would sneak into the plaintiff's bedroom and climb into bed with her.  This would happen early in the morning, on weekends when the defendant was not working.  He would put his hands into her underpants, and touch her on her genitals.  This would last for approximately 20 minutes.  The Plaintiff would pretend to be sleeping.  This started when the Plaintiff was in junior high, and continued into her high school years.

12. In high school, the Plaintiff's high school boyfriend encouraged her to report the ongoing abuse.

13. The Plaintiff made a report to her high school guidance counselor, who reported the matter to the authorities.

14. The Defendant committed acts of sexual abuse toward minors.  The acts constitute assault and battery.

15. As a result of the abuse, the Plaintiff was forced to relocate. She lived with friends in the US and later returned to Japan, to live with her mother.  She presently resides with her husband in Hawaii, where she has two children of her own.

16. As a result of the long-standing sexual abuse, the Plaintiff suffered severe emotional distress, pain and suffering, loss of enjoyment of life, and permanent psychological trauma.

17. In committing the aforementioned acts of sexual assault and battery, the Defendant acted willfully, for the purpose of sexual gratification.

18. The Plaintiff is entitled to both punitive and compensatory damages, plus interests and costs.

WHEREFORE, the Plaintiff prays that this Court issue a judgment in the appropriate dollar amount, for punitive and compensatory damages, interest and costs, and such further and other relief, as the Court deems proper.

## COUNT II -  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

19. The Defendant's aforementioned conduct was extreme and outrageous.

20. The Defendant's conduct caused the Plaintiff severe emotional distress.

21. The Defendant intentionally or recklessly inflicted severe emotional distress on the Plaintiff.

22.  The Defendant was certain or substantially certain that such distress would result from his conduct.

23. The conduct was so extreme and outrageous as to exceed all possible bounds of decency.

24. The Defendant's conduct was atrocious and utterly intolerable in a civilized society.

25. The emotional distress suffered by the Plaintiff was so severe that no reasonable person could be expected to endure it.

WHEREFORE, the Plaintiff prays that this court issue judgment in such appropriate dollar amount as the court deems appropriate for both compensatory and punitive damages, together with interest and costs.


DATED: June 30, 2021                    /s/  Robert  A. Levine
                                        _____
                                        Robert A. Levine, Esquire
                                        Bar #3845
                                        Attorney for the Plaintiff
                                        17 South Street
                                        Portland, ME   04101
                                        (207) 871-0036