UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JENNIFER RUTKA, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:21-cv-00180-LEW |
| | ) | |
| ATSUSHI TAMAKI, | ) | |
| | ) | |
| Defendant | ) | |

**ORDER ON DISCOVERY ISSUE**

As part of her claim, Plaintiff seeks to recover punitive damages. In discovery, Plaintiff has requested certain financial information from Defendant. Defendant objects to providing the information to Plaintiff unless the jury determines Plaintiff is entitled to a punitive damage award.

A defendant's financial status, if presented at trial, is relevant to a jury's assessment of a punitive damage claim. *See Mitchell ex rel. F.R. v. Bones*, 385 F. Supp. 2d 62, 65 n.3 (D. Me. 2005).[1] The question is when in advance of a trial a defendant should be required to provide the information. "The practice in this court, consistent with that of a majority of federal courts addressing the issue, generally is to permit discovery of financial information without requiring a plaintiff to establish a prima facie case on the issue of punitive damages." *Morissette v. Cote Corporation*, No. 2-14-cv-00452-JDL, 2016 WL 6902116, at *2 (D. Me. Nov. 22, 2016) (collecting cases). While there might be cause to

---

[1] As the Court noted in *Mitchell*, a plaintiff can recover punitive damages without evidence of a defendant's net worth. *Id*.

deviate from the general rule in certain cases, the Court discerns no reason to do so in this case.

The Court nevertheless understands Defendant's desire to prevent the unnecessary dissemination of his personal financial information. The Court also perceives no prejudice to Defendant if the Court limits Defendant's use of the information to this case.

The Court, therefore, orders:

1. Defendant shall produce his financial information. Because the Court discussed with the parties and the parties' written arguments addressed the general question of whether Defendant must provide financial information at this stage of the proceedings, the Court has not considered whether Defendant must provide all the information requested. If Defendant objects to the production of certain information requested and the parties are unable to resolve the objection, Defendant can request a further discovery conference with the Court.

2. Plaintiff shall not copy any documents produced or disseminate the information to any other person or entity, except as determined by Plaintiff's counsel to be necessary to prosecute Plaintiff's claim. If Plaintiff's counsel deems it necessary to share the information with another person or entity, counsel shall inform the recipient of the prohibition on the dissemination of the information and shall obtain from the recipient written acknowledgment that the recipient will not disseminate the information to another person or entity.

## **NOTICE**

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 19th day of January, 2022.