UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ERIK RUTKA, as Personal | ) | |
| Representative of the Estate of | ) | |
| Jennifer Rutka, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:21-cv-00180-JCN |
| | ) | |
| ATSUSHI TAMAKI, | ) | |
| | ) | |
| Defendant | ) | |

**ORDER ON PLAINTIFF'S MOTIONS IN LIMINE**

Plaintiff moves in limine for an order that permits (1) two experts to testify at trial by videoconference (Motion, ECF No. 62), and (2) Plaintiff to present testimony and documents that include statements of Jennifer Rutka and others. (Motion, ECF No. 63). The Court discussed the motions with the parties during a telephonic conference on February 3, 2023. After consideration of the parties' arguments, for the reasons set forth herein and stated on the record during the telephonic conference, the Court grants in part and denies in part the motions.

**DISCUSSION**

I.  <u>Expert Testimony</u>

Plaintiff designated two expert witnesses—Ms. Rutka's treating psychologists, Kathryn Chun, Ph.D and Kristin Christensen, Ph.D—and now asks the Court to allow the witnesses offer certain opinions at trial and to authorize the witnesses to testify remotely by videoconference. Defendant opposes the motion citing the lack of foundation for and

relevance of the proffered opinions, and Plaintiff's failure to establish that good cause and compelling circumstances exist for the experts to testify remotely.

Federal Rule of Evidence 702 permits a qualified expert to offer an opinion if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
(b) the testimony is based on sufficient facts or data;
(c) the testimony is the product of reliable principles and methods; and
(d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. "[T]he judge's task is to ensure that the expert's testimony 'both rests on a reliable foundation and is relevant to the task at hand.' " *Pagés-Ramírez v. Ramírez-González*, 605 F.3d 109, 115 (1st Cir. 2010) (quoting *United States v. Mooney,* 315 F.3d 54, 62 (1st Cir. 2002)); *see also Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579, 597 (1993). In doing so, the Court "must bear in mind that an expert with appropriate credentials and an appropriate foundation for the opinion at issue must be permitted to present testimony as long as the testimony has a 'tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" *Pagés-Ramírez*, 605 F.3d at 115 (quoting Fed. R. Evid. 401).

Plaintiff designated Dr. Chun to testify about the impact on Ms. Rutka of the alleged sexual abuse. Dr. Chun treated Ms. Rutka in 2014–2015, years after the abuse allegedly occurred. Dr. Christensen, with whom Ms. Rutka started counseling near the time she initiated this lawsuit, was also designated to testify about the impact of the sexual abuse on Ms. Rutka. Defendant does not challenge either expert's qualifications.

Defendant argues that Dr. Chun's work with Ms. Rutka "was limited and not directed to anything related to Defendant" because Dr. Chun's work with Ms. Rutka focused on Ms. Rutka's relationships and experience as a parent.  Based on Plaintiff's proffer and arguments, the Court understands Dr. Chun will testify that the alleged sexual abuse by Defendant had a significant and long-term negative impact on Ms. Rutka in multiple ways, including in her relationships.  Such testimony would be relevant and would assist the jury in understanding the impact of abuse.  To the extent Defendant maintains Dr. Chun's testimony is not relevant, therefore, Defendant's argument is unavailing.

Defendant also argues that the testimony of Dr. Chun and Dr. Christensen should be excluded because, during their depositions, both witnesses testified only that the sexual abuse "possibly" caused Ms. Rutka's claimed damages.  Expert testimony may be excluded if there is 'too great an analytical gap between the data and the opinion proffered.'" *Milward v. Acuity Specialty Prods. Grp., Inc.*, 639 F.3d 11, 15 (1st Cir. 2011) (quoting *Gen. Elec. Co. v. Joiner,* 522 U.S. 136, 146 (1997)).  "The question of admissibility 'must be tied to the facts of a particular case.'"  *Beaudette v. Louisville Ladder, Inc.*, 462 F.3d 22, 25–26 (1st Cir. 2006) (quoting *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 150 (1999)).

The Court acknowledges that at various points in the limited deposition testimony of record, the expert witnesses described the causal relationship between the alleged abuse and Plaintiff's challenges as "possible."  Dr. Chun, however, also testified that some of the issues Ms. Rutka experienced "were related to" the sexual abuse and that "it was possible and probable" the problems were "because of the significance of that traumatic experience." (Def.'s Opp'n to Pl.'s Mot. in Lim. for the Admis. of Expert Witness Test., Ex. B, Chun

3

Dep. Tr. 76:21–77:15, ECF 82-2.)  Likewise, Dr. Christensen opined that "oftentimes" low frustration tolerance can be caused by sexual abuse, and that some of the issues Ms. Rutka experienced as an adult "most likely . . . did come from sexual abuse."  (Def.'s Opp'n to Pl.'s Mot. in Lim. for the Admis. of Expert Witness Test., Ex. C, Christensen Dep. 48:22–49:21, ECF 82-3.)  While the experts might be unable to link to the alleged abuse all the conditions for which they counseled Ms. Rutka, the deposition testimony suggests they will provide testimony from which a factfinder can properly find a causal relationship between some of Ms. Rutka's conditions and the alleged abuse.  To the extent Defendant can demonstrate some inconsistency in the testimony, "it is a matter for the jury to resolve any inconsistencies in expert testimony." *Payton v. Abbott Labs*, 780 F.2d 147, 156 (1st Cir. 1985).

Plaintiff's filings suggest he might attempt to elicit expert testimony regarding the relationship between the alleged abuse and the timing of Ms. Rutka's commencement of this action.  Regardless of whether such testimony might be admissible under certain circumstances, Plaintiff's expert designation did not notify Defendant that the expert witnesses would testify on the issue.

As Defendant points out, Plaintiff was required to disclose that information under Rule 26(a)(2) of the Federal Rules of Civil Procedure.  "A party seeking to introduce expert testimony at trial must disclose to the opposing party a written report that includes 'a complete statement of all opinions the witness will express and the basis and reasons for them.' " *Gay v. Stonebridge Life Ins. Co.*, 660 F.3d 58, 62 (1st Cir. 2011) (quoting Fed. R. Civ. P. 26(a)(2)(B)).  "The purpose of the expert disclosure rules is to facilitate a fair

contest with the basic issues and facts disclosed to the fullest practical extent." *Poulis-Minott v. Smith*, 388 F.3d 354, 358 (1st Cir. 2004) (citation and internal quotations omitted). The court may impose sanctions under Rule 37(c)(1), including precluding the non-complying party from "using that witness or relevant expert information to supply evidence . . . at trial." *Gay*, 660 F.3d at 62. "Thus Rules 26(a) and 37(c)(1) seek to prevent the unfair tactical advantage that can be gained by failing to unveil an expert in a timely fashion." *Poulis-Minott*, 388 F.3d at 358. Because Plaintiff failed to include the topic among anticipated expert opinions, Defendant did not depose Plaintiff's experts on the topic nor retain an expert to testify on the issue. Given that trial is imminent, Defendant would be unfairly prejudiced if Plaintiff were permitted to offer expert testimony regarding the relationship, if any, between the alleged abuse and the timing of Plaintiff's commencement of this action.

Finally, Plaintiff asks the Court to authorize Dr. Chun and Dr. Christensen, who both live in Hawaii, to testify remotely by videoconference. The general rule is that "[a]t trial, the witnesses' testimony must be taken in open court." Fed. R. Civ. P. 43(a). A court, however, "may permit testimony in open court by contemporaneous transmission from a different location" if there is "good cause in compelling circumstances" and "appropriate safeguards" in place. *Id.*; *see also* Amended General Order 2021-02, 2:21-mc-00011-JDL (reauthorizing the use of videoconferencing through May 25, 2023 due to the threat to public health and safety presented by the COVID-19 pandemic). In support of his request, Plaintiff cites "the logistical and geographical limitations, not to mention COVID concerns."

5

The advisory committee notes are instructive to the assessment of whether "good cause and compelling circumstances" exist in any case:

> The importance of presenting live testimony in court cannot be forgotten. . . . The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition.  Transmission cannot be justified merely by showing that it is inconvenient for the witness to attend the trial.

> The most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons, such as accident or illness, but remains able to testify from a different place. . . .  A party who could reasonably foresee the circumstances offered to justify transmission of testimony will have special difficulty in showing good cause and the compelling nature of the circumstances.

Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment.

Plaintiff has known since October that his trial would begin in Maine on February 13, 2023.  While the experts would have to travel a significant distance to attend the trial, the distance alone does not constitute good cause and a compelling circumstance.  Otherwise, remote testimony arguably would be permitted in every case in which a witness would have to travel a great distance to attend trial. Neither the plain language of the rule nor the advisory committee's note support such an application of Rule 43.  Plaintiff also references "COVID concerns."  The Court recognizes that COVID concerns remain.  Plaintiff's argument, however, lacks any facts to distinguish the witnesses' concerns from those of any other person who might have to travel a distance to attend trial.  The need for specificity is reasonable at this stage of the COVID-19 pandemic given that the availability of vaccines and the reports of trends in transmission rates have contributed to elimination or modification of many COVID-related protocols.  To this point, Plaintiff has not

established that good cause and compelling circumstances exist to authorize Drs. Chun and Christensen to testify by videoconference.

II.    <u>Documents and Statements</u>

Plaintiff seeks to admit the following evidence at trial: (a) Jennifer Rutka's deposition testimony; (b) the medical records generated by the treatment of Ms. Rutka by Dr. Christensen and Dr. Chun; (c) text messages between Ms. Rutka and her sister; and (d) Department of Health and Human Services ("DHHS") records concerning Ms. Rutka's allegations of abuse.

a.  *Deposition Testimony*

The Federal Rules of Civil Procedure permit a party at trial to "use for any purpose the deposition of a witness . . . if the court finds that . . . the witness is dead." Fed. R. Civ. P. 32(a)(4)(A). Rule 804(b)(1) of the Federal Rules of Evidence provides that former testimony of an unavailable witness is not excluded by the rule against hearsay if the testimony "was given as a witness at a . . . lawful deposition" and "is now offered against a party who had . . . an opportunity and similar motive to develop it by direct, cross-, or redirect examination." Fed. R. Evid. 804(b)(1). A witness is "unavailable" if she cannot be present or testify at trial "because of death." Fed. R. Evid. 804(a)(4).

Ms. Rutka is now deceased and is thus unavailable to testify at trial. Plaintiff, therefore, can present Ms. Rutka's deposition testimony at trial provided the testimony is otherwise admissible. In accordance with the Report and Final Pretrial Conference and Order (ECF No. 61), the parties shall confer and notify the Court of any disputes regarding the portions of Ms. Rutka's deposition testimony that will be presented at trial.

### b. Medical and Treatment Records

Plaintiff seeks to introduce Ms. Rutka's medical records from Dr. Chun and Dr. Christensen. Plaintiff contends the records are admissible under the exceptions to the rule against hearsay found in Federal Rules of Evidence 803(3) (statement of declarant's then-existing mental, emotional, or physical condition), 803(4) (statement made for medical diagnosis or treatment), and 803(6) (records of a regularly conducted activity).

Plaintiff maintains that the psychologists' records qualify under the business records exception. A record of an act, event, condition, opinion, or diagnosis" is admissible under Rule 803(6) if:

> (A) the record was made at or near the time by—or from information transmitted by—someone with knowledge;
> (B) the record was kept in the course of a regularly conducted activity of a[n] . . . organization . . . , whether or not for profit;
> (C) making the record was a regular practice of that activity;
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
> (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6). Medical records generally are admissible under the business records exception if they meet these criteria. *See Manocchio v. Moran*, 919 F.2d 770, 780 (1st Cir. 1990).

Defendant argues that the records are not trustworthy because Ms. Rutka had a litigation-related focus in seeking treatment from Dr. Christensen. While Ms. Rutka sought treatment from Dr. Christensen a month before she filed her complaint, the timing of the treatment does not make Dr. Christensen's records untrustworthy. There is nothing to

8

suggest that Ms. Rutka attempted to "falsify the record in question," *see United States v. Kaiser*, 609 F.3d 556, 574 (2d Cir. 2010), in consulting Dr. Christensen.  The timing of the consultation might go to the weight a factfinder affords the evidence but does not preclude admission.  Provided Plaintiff can establish the required foundation under Rule 803(6), the records would be admissible.

The records, however, could include certain information, including statements by Ms. Rutka, that must satisfy another hearsay exception to be admitted.[1]  *See Manocchio*, 919 F.2d at 776–77.  There could also be other bases to object to some of the substance of the records.  The records would be admitted, therefore, subject to Defendant's ability to object on other grounds to the introduction of certain portions of the records.

     *c.  Text Messages*

Plaintiff also seeks to introduce copies of text messages between Jennifer Rutka and her sister, Stephanie.  Plaintiff argues the messages are admissible as a "then-existing state of mind (such as motive, intent, or plan) or emotional, sensory, or physical condition (such as mental feeling, pain, or bodily health), but not including a statement of memory or belief to prove the fact remembered or believed . . . ."  Fed. R. Evid. 803(3).

The state-of-mind declaration must be relevant to some issue in the case.  *See Mut. Life Ins. Co. of New York v. Hillmon*, 145 U.S. 285, 295–96 (1892).  As discussed on the

---

[1] For instance, Rule 803(4) allows admission of a statement that (1) "is made for—and is reasonably pertinent to—medical diagnosis or treatment" and (2) "describes medical history; past or present symptoms or sensations; their inception; or their general cause."  Fed. R. Evid. 803(4).  In addition, Rule 803(3) permits admission of a statement of the declarant's "then-existing . . . emotional, sensory, or physical condition (such as mental feeling, pain, or bodily health), but not including a statement of memory or belief to prove the fact remembered or believed . . . ."  Fed. R. Evid. 803(3).

record during the telephonic hearing, the Court is not persuaded that Ms. Rutka's existing state of mind at the time of the text messages is relevant.  Unless Plaintiff can establish the messages qualify as prior consistent statements under Federal Rule of Evidence 801(d)(1)(B), the messages are not admissible.

    *d.  DHHS Records*

Plaintiff seeks to introduce redacted copies of DHHS records under Rule 803(6), the hearsay exception governing business records.  As with the medical records discussed herein, if Plaintiff can establish the required foundation under Federal Rule of Evidence 803(6), the records would be admissible, subject to Defendant's ability to object on other grounds to the introduction of the substance of some of the records.

CONCLUSION

Based on the following analysis, the Court grants in part and denies in part Plaintiff's motions in limine as follows:

1.  Drs. Chun and Christensen are not precluded from testifying as to the relationship between the conditions or challenges for which they treated Ms. Rutka and the alleged sexual abuse.  The scope of the permitted testimony will be determined based on the Court's assessment of the foundation presented at trial.

2.  On the current record, Drs. Chun and Christensen are not permitted to testify at trial by videoconference.

3.  Plaintiff may present the deposition testimony of Ms. Rutka at trial provided the testimony is otherwise admissible.

4. Provided Plaintiff establishes the required foundation under Federal Rule of Evidence 803(6), Plaintiff may introduce at trial the records of Dr. Chun, Dr. Christensen, and DHHS, subject to Defendant's ability to object to the introduction of certain portions of the records.

5. Unless Plaintiff can establish Ms. Rutka's text messages qualify as prior consistent statements under Federal Rule of Evidence 801(d)(1)(B), the messages are not admissible.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 7th day of February, 2023.